UNITED STATES of America, Plaintiff–Appellee,

v.

Raul GARCIA–GARCIA, Defendant–Appellant.

No. 05–50534.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 28, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Raul Garcia–Garcia (Garcia) pleaded guilty to illegal reentry and was sentenced to 41 months of imprisonment, three years

---

of supervised release, and a $100 special assessment. Garcia appeals his sentence, arguing that the district court mistakenly believed that the Sentencing Guidelines were mandatory when it sentenced him. In addition, Garcia argues that his sentence is unreasonable and that the enhancement provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

The record belies Garcia's contention that the district court sentenced him believing that the Guidelines were still mandatory. At sentencing, the district court stated that it knew that it was not bound by the Guidelines. Furthermore, there is no indication that the sentence the district court imposed, which was at the low end of the guidelines range of imprisonment, was unreasonable. *See United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006).

Garcia's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Garcia contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Garcia properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.